# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Master Sergeant ALAN S. GUARDADO**
**United States Army, Appellant**

ARMY 20140014

Headquarters, III Corps and Fort Hood
Jacob D. Bashore, Military Judge
Lieutenant Colonel Joseph M. Fairfield, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Rachele A. Adkins, JA; Robert Feldmeier, Esquire (on brief); Captain Rachele A. Adkins, JA; Robert Feldmeier, Esquire (on reply brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Captain Catharine M. Parnell, JA; Captain Allison L. Rowley, JA (on brief).

23 November 2018

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

This case returns to this court. Our previous opinion is available at *United States v. Guardado*, 75 M.J. 889 (Army Ct. Crim. App. 2016).[1] Our superior court

---

[1] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of aggravated sexual contact with a child, three specifications of indecent liberties with a child, three specifications of assault consummated by a battery upon a child under the age of sixteen years, four specifications of committing a general disorder, one specification of indecent assault, one specification of indecent acts with a child, and one specification of using indecent language with a child, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 934 (2000 & Supp. V 2006; 2006; 2006 & Supp. I 2008) [UCMJ]. Appellant was sentenced to

(continued . . .)

affirmed several specifications, but set aside the finding of guilty to one specification of aggravated sexual contact with a child and authorized a rehearing.[2] *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017).

At the rehearing, appellant was acquitted of the one offense. The case then proceeded to a resentencing on the affirmed specifications. The military judge sentenced appellant to fifty-five months confinement, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The court-martial did not adjudge a punitive discharge.

Appellant raises several errors on appeal. We address two.

First, appellant claims that he is entitled to additional sentence credit for failure to follow proper pretrial confinement procedures after the Court of Appeals for the Armed Forces (CAAF) set aside the sentence. The military judge made the following findings of fact: The CAAF issued its mandate in this case on 29 December 2017. The days of 30 December 2017 through 1 January 2018 were either weekend days or federal holidays. On 2 January 2018, orders were issued assigning

---

(. . . continued)
confinement for eight years, total forfeiture of all pay and allowances, and reduction to the grade of E-1. The court-martial did not adjudge a punitive discharge.

On 15 November 2016, this court issued an opinion finding that several of the specifications were unreasonably multiplied. *Guardado*, 75 M.J. at 905-906. We dismissed one specification of battery of a child and two specifications of committing a general disorder. *Id*. at 906. We conditionally dismissed one specification of battery of a child and one specification of indecent assault. *Id*. This court affirmed seven years and eight months of the confinement, the forfeiture, and the reduction. *Id*. at 907.

[2] On 12 December 2017, the Court of Appeals for the Armed Forces (CAAF) set aside one specification of aggravated sexual contact with a child due to the military judge giving an instruction that violated the CAAF's holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *Guardado*, 77 M.J. at 94-95. The CAAF held the erroneous instruction was not harmless. *Id*. at 95. The CAAF also set aside and dismissed the remaining two specifications of committing a general disorder because they are preempted by another Article 134, UCMJ, listed offense. *Id*. at 95-96. The CAAF set aside the sentence and authorized a rehearing on the specification of aggravated sexual contact with a child and a sentencing rehearing on the affirmed findings of guilty for the three specifications of indecent liberties with a child, one specification of battery of a child, one specification of indecent language, and one specification of indecent acts. *Id*. at 96.

appellant to Fort Hood, Texas. On 5 January 2018, The Judge Advocate General's (TJAG) designee designated the Commander, Headquarters, III Corps and Fort Hood, as the convening authority for subsequent action in appellant's case. On 5 January 2018, appellant's gaining commander ordered appellant into pretrial confinement. On 10 January 2018, appellant (still confined) reported to Fort Hood. On 11 January 2018, after a review, a military magistrate released appellant from confinement.

Appellant argues he is entitled to sentence credit under Rule for Courts-Martial 305(k) because, on the date the CAAF issued its mandate, he was not "immediately" released from confinement. *See United States v. Miller*, 47 M.J. 352, 360-62 (C.A.A.F. 1997). The military judge found that "'immediate' does not mean 'instantaneous' and must mean without undue delay." Consistent with the military judge's view, the CAAF has stated that both the decisions of the Courts of Criminal Appeals and the CAAF "are not self-executing" and that the decisions rely on other persons to carry them out. *Id*. at 361. Between the issuance of the CAAF's mandate and the release of appellant, the military judge reasoned, are several necessary steps. First, the mandate must be transmitted to TJAG's designee, who must process it. Next, TJAG's designee must identify the new convening authority and then draft, sign, and transmit the transfer memorandum to the new convening authority. The convening authority must then transmit the memorandum to subordinate commanders who must consider, receive advice, and take action in accordance with the mandate. The military judge found that when the government executed these steps in three business days, there was no undue delay.[3] We agree.

Appellant also seeks relief based on the unreasonable amount of time it took the convening authority to take action in the case. Specifically, appellant asks that we do not affirm his reduction in grade to Private (E-1).[4] We do not find a due process violation. Having reviewed the entire record of trial, and noting that appellant's sentence does not include a punitive discharge, we find appellant's sentence to be appropriate, even in light of the unreasonable delay.

---

[3] *Miller* addressed the thirty-day period (now sixty days) when a TJAG can consider whether to certify a case to the CAAF under Article 67(a)(2), UCMJ. 47 M.J. 352, at 360-62. This case involves the 90-day period in which the government is authorized to seek review by the United States Supreme Court after a decision by the CAAF. *See* Rule of the Supreme Court of the United States 13 (13 Nov. 2017).

[4] It appears to us that by operation of Article 58a, UCMJ, because appellant's sentence included more than six months of confinement, appellant would be reduced to the grade of E-1 even if we were to grant appellant's requested relief.

## CONCLUSION

The sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court